IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| First Star Logistics, LLC, | : | |
| | : | Case No. 1:23-cv-152 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion to Remand |
| Erica Cuthbertson, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Motion to Remand filed by Plaintiff First Star

Logistics, LLC ("First Star"). (Doc. 4.) First Star filed suit for breach of contract against its

former agent, Defendant Erica Cuthbertson, in an Ohio state court. (Doc. 2.) Cuthbertson

removed the action to this Court on March 17, 2023 following a period of procedural wrangling

about the service of the Summons and Complaint upon her. (Doc. 1.) First Star now moves to

remand the action back to state court on the sole basis that Cuthbertson purportedly failed to

remove the action in a timely manner. For the reasons that follow, the Court will **DENY** the

Motion to Remand.

I.      **BACKGROUND**

This is the second of two lawsuits between the parties. In October 2021, Cuthbertson

sued First Star for discrimination and violations of the Equal Pay Act in the District Court for the

Western District of North Carolina. *Cuthbertson v. First Star Logistics, LLC*, No. 3:21-cv-616

(W.D.N.C.). Cuthbertson listed her address as 9619 Chastain Walk Drive in Charlotte, North

Carolina in her North Carolina case. *Id.*, Doc. 1-1 at 2 (Nov. 12, 2021). The district court

granted summary judgment to First Star in the case on November 1, 2022. (Doc. 4-3.)

On June 16, 2022, while the North Carolina case still was pending, First Star filed this

suit against Cuthbertson in the Common Pleas Court for Hamilton County, Ohio, case number A2202185.  (Doc. 2.)  First Star alleges in the Complaint that Cuthbertson breached restrictive covenants in two employment contracts.  (*Id.* at PageID 69.)  First Star had difficulty serving process upon Cuthbertson, which the state court judge speculated "perhaps" was caused by "procedural gamesmanship."  (Doc. 1-7 at PageID 55.)

First Star emailed a courtesy copy of the Complaint to the attorney who represented Cuthbertson in the North Carolina lawsuit, Alesha Brown, on June 17, 2022.  (Doc. 4-4 at PageID 168.)  In response, Brown told First Star's attorneys that she did not represent Cuthbertson in this current lawsuit and that Cuthbertson would need "to be properly served." (*Id.* at PageID 167.)  On June 22, 2022, First Star attempted to serve the Summons and Complaint upon Cuthbertson via certified mail to 6800 Dunmurry Lane in Charlotte, North Carolina, an address it confirmed via a Westlaw public records search.  (Doc. 4-2 at PageID 147.)  The U.S. Postal Service filed return of service forms dated July 4, 2022 with illegible signatures suggesting that service had been perfected.  (Docs. 1-3, 1-4.)

First Star moved for default judgment against Cuthbertson on August 19, 2022 in state court when Cuthbertson failed to appear to defend the suit.  The judge granted default judgment in favor of First Star on September 22, 2022.  (Doc. 1-5.)  However, Cuthbertson then sent a letter to the court dated September 15, 2022, but filed on September 26, 2022, stating that she was "never served any types of notice."  (Doc. 4-7 at PageID 175.)  She listed her address in the letter as 9619 Chastain Walk Drive in Charlotte, North Carolina.  (*Id.*)  On October 21, 2022, her current attorney entered an appearance in this case, and on December 20, 2022, he moved to vacate the default judgment against Cuthbertson.  On February 2, 2023, the state court issued an Order setting aside the default judgment.  (Doc. 1-7.)  The state court determined that First Star's

attempt to serve Cuthbertson at the 6800 Dunmurry Lane address was not reasonably calculated

to achieve service upon her because Cuthbertson had provided the 9619 Chastain Walk Drive

address to the company several times prior to the filing of the lawsuit. (*Id.* at PageID 52–54.)[1]

Subsequently, on February 15, 2023, a copy of the Summons and Complaint were served on

Cuthbertson at the 9619 Chastain Walk Drive address. (Doc. 1-8.)[2]

On March 17, 2023, Cuthbertson filed the Notice of Removal removing the pending

action to this Court. (Doc. 1.) First Star now moves to remand on the basis that removal was

untimely because Cuthbertson did not file the notice of removal within thirty days after she

received notice of the Complaint in this suit. (Doc. 4.) Cuthbertson filed a Memorandum in

Response opposing remand, to which First Star filed a Reply. (Docs. 5, 8.)

## II.    STANDARD OF LAW AND ANALYSIS

A defendant has the right to remove to a federal district court "any civil action brought in

a State court of which the district courts of the United States have original jurisdiction." 28

U.S.C. § 1441(a). The defendant's right to remove an action has a thirty-day temporal limit:

> The notice of removal of a civil action or proceeding shall be filed within 30 days
> after the receipt by the defendant, through service or otherwise, of a copy of the
> initial pleading setting forth the claim for relief upon which such action or
> proceeding is based, or within 30 days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is not required
> to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Despite the broad language in § 1446(b)(1) suggesting that the removal

clock starts when a defendant receives a copy of the complaint "through service or otherwise,"

---

[1] Nonetheless, the state court judge also found that Cuthbertson was not entitled to attorney fees from First Star
because Cuthbertson seemed to play a part in creating the confusion about her address. (Doc. 1-7 at PageID 55.)
Cuthbertson had admitted that she had lived at the 6800 Dunmurry address at one time and that her parents still lived
at that address. (*Id.* at PageID 53.) Further, Cuthbertson had stated during a deposition in the North Carolina case
that she lived in Savannah, Georgia. (*Id.*at PageID 52.)

[2] Cuthbertson refers to service at the 9616 Chastain Way address on February 15, 2023 as being of "dubious
validity," but she does not contest service on this date for purposes of removal. (Doc. 5 at PageID 193.)

the Supreme Court held as follows in 1999:

> [A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–348 (1999). This is because without service of process "a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.* at 350.

In the Motion to Remand, First Star argues that the thirty-day removal clock was triggered at some point in 2022 when Cuthbertson learned about the lawsuit or informally received a copy of the Complaint. (Doc. 4 at PageID 142–144.) However, the cases First Star cites in support of informal notice being sufficient to start the removal clock pre-date the *Murphy Brothers* decision. It is plain after *Murphy Brothers* that the state court could not exercise any power over Cuthbertson and the removal clock did not run until she was formally served with the Summons and Complaint on February 15, 2023. *See Murphy Bros.*, 526 U.S. at 347–348, 350.

Trying to avoid this result, First Star cites one unpublished decision from the Western District of Missouri holding that *Murphy Brothers* does not apply when a defendant intentionally evades service of process. *See Waddell v. Nat'l Asset Recovery, Inc.*, No. 08-0250-CV-W-HFS, 2009 WL 10705240, at *3 (W.D. Mo. Jan. 28, 2009) ("The *Murphy Brothers* rule is simply one that 'ordinarily' applies (526 U.S. at 350) and should not be used when it is the party denying service that is responsible for the defect and had actual knowledge of the allegations it has ignored."). The Court could not find any other published or unpublished decision adopting *Waddell* and recognizing this exception to the *Murphy Brothers* holding. In fact, at least one other district court has refused to adopt the proposed *Waddell* exception. *See Tovar Snow Pros., Inc. v. ACE Am. Ins. Co.*, No. 20 C 1060, 2020 WL 5658705, at *2 (N.D. Ill. Sept. 23, 2020)

4

("Tovar's appeal to out-of-circuit precedent for a 'frustration' exception in *Waddell* is unpersuasive.") (internal citation omitted).  Another district court, without addressing *Waddell*, refused to find an exception to the *Murphy Brothers* rule and stated that "the issue is whether service has been effected, not whether [the plaintiff] has been diligent or [the defendant] evasive."  *Infinity Real Est., LLC v. Deutsche Bank Nat'l Tr. Co. for RBSGC 2007-B*, No. 2:18-CV-00038-JAW, 2018 WL 4204642, at *3 n.2 (D. Me. Sept. 4, 2018).  This Court agrees with the latter two cases that the holding in the *Murphy Brothers* decision is straightforward and not subject to an exception for a defendant who attempts to evade service of process.

Accordingly, pursuant to *Murphy Brothers*, the thirty-day removal clock was triggered only when Cuthbertson was served with a copy of the Summons and Complaint at the 9616 Chastain Walk Drive address on February 15, 2023.  (Doc. 1-8.)  Cuthbertson timely filed the Notice of Removal thirty days later on March 17, 2023.  The Motion to Remand must be denied.

## III.  CONCLUSION

For the foregoing reasons, the Motion to Remand (Doc. 4) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge